**NATIONAL GRANGE MUTUAL INSURANCE**

v.

**ALFRED CALCAGNI & SONS, INC., George A. Calcagni, Maria L. Calcagni, Commercial Constructors, Inc., Calson Corporation, George A. Calcagni, Jr., and Rover Investments, Inc.**

No. 98–217–A.

Supreme Court of Rhode Island.

March 18, 1999.

Patricia A. Buckley.

William Conley, Jr., East Providence, William Mark Russo, Providence.

## ORDER

The defendants, Alfred Calcagni & Sons, Inc., George A. Calcagni, Maria L. Calcagni, Commercial Constructors, Inc., Calson Corporation, George A. Calcagni, Jr., and Rover Investments, Inc., appeal from a Superior Court order denying their motion to stay execution and to clarify provisions of the parties' settlement agreement. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing or argument.

The plaintiff, National Grange Mutual Insurance Company, brought suit against defendants in order to collect amounts plaintiff paid on performance bonds issued in favor of Calcagni, Inc. in 1991 on various construction projects. In an amended complaint, plaintiff alleged that George A. Calcagni, Sr. had transferred stocks to Rover Investments in order to protect those assets from attachment by plaintiff. The parties entered into a settlement agreement in 1996, which contained a structured payment schedule. The agreement also provided that, in the event of default, judgment would enter against defendants without the necessity of further court proceedings.

A default occurred and judgment entered against the Calcagnis, Calson and Commercial in the amount of $600,000; a second judgment against Rover in the amount of $100,000 was also entered. The defendants filed a motion to stay execution and to clarify provisions of the settlement agreement. The motion was denied and defendants filed an appeal with this court.

The defendants argue that the settlement agreement may be interpreted to provide that plaintiff may not collect from both Rover and the Calcagnis. They contend that they are entitled to an evidentiary hearing in order to clarify the parties agreement. The agreement states:

"In the event of default, Judgment in the amount of $600,000 shall enter forthwith, and execution shall issue immediately and without the necessity for further court proceedings against Calcagni Construction, George Calcagni, Maria Calcagni, Calson and Commercial.... Moreover, in such an event of default, Judgment shall enter forthwith against Rover in the amount of $200,000. However, said Judgment amount as against Rover shall be reduced to $100,000, if and when the first two scheduled payments are made as pursuant to paragraph 1."

It is well-settled that where contractual language is plain and unambiguous, its meaning should be determined without reference to extrinsic facts or aids. *Clark–Fitzpatrick, Inc./Franki Foundation Co. v. Gill*, 652 A.2d 440, 443 (R.I.1994). Here, the trial justice did not need to resort to the introduction of extrinsic evidence to determine the meaning of the parties' settlement agreement. The language itself is clear and unambiguous.

The defendants' appeal is, therefore, denied and dismissed and the order appealed from is affirmed.